UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| FEDERAL IDENTIFICATION CARD CO., INC. d/b/a PTM SPORT, | : |
| | : |
| | : BANKRUPTCY NO. 16-13496(AMC) |
| Debtor. | : |
| | : |

**ORDER (I) APPROVING PROCEDURES FOR THE SUBMISSION OF BIDS FOR THE PROPOSED SALE OF REAL ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES (II) PROVIDING NOTICE TO CONTRACT COUNTER PARTIES OF ASSUMPTION AND ASSIGNMENT OF CONTRACTS; AND (III) SCHEDULING AN AUCTION**

Upon consideration of the Motion of Federal Identification Card Co., Inc. d/b/a PTM Sport (the "Debtor") for an order (I) approving the form, manner and notice of bidding procedures, (II) authorizing the sale of assets, described herein, free and clear of liens, claims and encumbrances, (III) assuming and assigning contracts under 11 U.S.C. §365, and (IV) granting related relief, (the "Motion")[1]; and the Court having considered the Certifications of Service evidencing service of Motion papers on the persons and in the manner required thereby; and the Court having conducted the Bidding Procedures Hearing and considered any objections to the Motion related thereto; proper notice under the circumstances having been given and due deliberation having been had and good and sufficient cause appearing therefore,

    1.    The Motion is GRANTED only to the extent set forth herein.

    2.    The procedures set forth below for submission of competing bids for the proposed sale pursuant to the Asset Purchase Agreement dated _____ (the "Stalking Horse Agreement") by and between the Debtor and PTM Promotional, LLC or its assignee (the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

"Buyer"), (the "Bid Procedures") are hereby approved. The Debtor is authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures.

3. As provided in the Bid Procedures, an auction (the "Auction") shall be held at the offices of Ciardi Ciardi & Astin located at One Commerce Square, 2005 Market Street, Suite 3500, Philadelphia, Pennsylvania 19103, on _____, 2016 at ___ a./p.m. prevailing Eastern Time

4. The Debtor shall afford each Prospective Bidder (as defined below) due diligence access to the Assets. Due diligence access may include management presentations as may be scheduled by the Debtor, on-site inspections, and such other matters which a Prospective Bidder may request. Prospective Bidders will be required to execute a confidentiality agreement with the Debtor before obtaining due diligence information.

5. The proposed sale shall be subject to the following Bid Procedures:

   a. Except as otherwise specifically set forth herein, no party submitting any competing bid ("Prospective Bidder") for the Assets shall be entitled to any expense reimbursement or any breakup or termination payments.

   b. A Prospective Bidder will not be considered by the Seller as qualified to participate in the Auction, unless as part of its bid (the "Bid"), such Prospective Bidder meets the following requirements:

      i. Any party desiring to make a Bid for the Assets shall submit a bid <u>in writing by 5:00 p.m. on _____, 2016</u> to (i) counsel for the Debtor, Ciardi, Ciardi & Astin, 2005 Market Street, Suite 3500, Philadelphia, PA 19103, Attn: Albert A. Ciardi, III, Esquire and Jennifer C. McEntee, Esquire, with a copy to (ii) Office of the United States

Trustee, 833 Chestnut Street, Ste. 500, Philadelphia, PA 19103, counsel for the Lenders, and (iv) counsel for the Buyer, Barry Kleban, Esquire of McElroy, Deutsch, Mulvaney & Carpenter, LLP, One Penn Center – Suburban Station, 1617 JFK Blvd., Suite 1500, Philadelphia, PA 19103-1815. The bidder shall have the obligation to confirm its bid status. The minimum bid will be $453,000. Such bid shall include an execution ready Asset Purchase Agreement which shall fully delineate all terms of the offer (the "Proposed APA") with any financing or due diligence contrary waived as of the Auction.

    ii. The Prospective Bidder shall also provide a blackline of the Proposed APA against the Stalking Horse Agreement.

    iii. The Bid must provide for a purchase price for the Assets equal to at least the sum of $453,000 or otherwise contain such other terms and conditions that would result in an equal or greater effective return to the estate.

    iv. The Prospective Bidder must provide the following to Debtor's counsel on or before _____, 2016: (i) reasonably satisfactory evidence of financial capability and good faith intent to fulfill all of the terms and condition of the Proposed APA on a timely basis; and (ii) payment of an initial cash deposit in available funds in the amount of the $40,000 (the "Deposit"), provided however that any party who submits a credit bid pursuant to Section 363(k) of the Bankruptcy Code shall not be required to post a cash Deposit or provide any evidence of financial

3

Case 16-13496-amc    Doc 5-3    Filed 05/17/16    Entered 05/17/16 11:44:37    Desc
Proposed Order Bid Procedures    Page 4 of 8

capability to the extent the amount of their credit bid does not exceed the amount of their claim against the Debtor. Any dispute as to any Prospective Bidder's intent or ability shall be resolved by the Court at the Final Sale Hearing, as defined below.

   v. Prospective Bidders who meet the requirements set forth in Sections (i) through (iv) above shall be determined to be a "Qualified Bidder" and the Bid submitted by such Qualified Bidder shall be considered a "Qualified Bid".

c. If two or more Qualified Bids are submitted in accordance with the Bid Procedures, the parties will proceed with the Auction. At the commencement of the Auction, the Debtor shall announce the highest and best bid (if such bid is by anyone other than the Buyer, such bid for the Assets must exceed the Purchase Price by $25,000) (the "Pending Offer"). Thereafter, any initial overbid must exceed the Pending Offer by at least $25,000. The Debtor may employ and announce at the Auction other procedural rules that are reasonable under the circumstances for conducting the Auction; provided, however, that such rules are (i) not materially inconsistent with these Auction Procedures, the Bankruptcy Code, or any order of the Court and (ii) disclosed to each Qualified Bidder at the Auction. When no Qualified Bidder has submitted an overbid within a reasonable time after the last bid, as determined by the Debtor, the Debtor shall have the right to select the highest or otherwise best offer from an Qualified Bidder (the "Winning Bid") and shall request that the Bankruptcy Court approve a sale on the terms of the Winning Bid at the Sale

4

Hearing (as defined below); (iii) any party submitting a bid must agree that its deposit shall be held and its agreement at its last bid price shall remain open and binding until cloding on the Succesful Bidder or July 1, 2016; (iv) to the extent the Successful Bidder fails to close, its deposit shall be forfeited and Debtor may close immediately with the confirmed second highest bid without need for further notice and hearing

d. After a Winning Bidder is selected, the second highest bidder who has submitted a Qualified Bid shall register its bid as a second bid (the "Second Registered Bid") In the event that the holder of the Winning Bid fails to consummate the sale of the Assets or otherwise defaults, then the Second Registered Bid shall become the Winning Bid. In the event that the Debtor determines that the Second Registered Bid has become the Winning Bid, they shall provide notice to parties-in-interest and the Court may submit to the Court an Amended Order substituting name and purchase price which the Court may enter withour further notice and hearing.

e. Pursuant to Section 363(k) of the Bankruptcy Code, creditors of the Debtor shall have the right to include a credit bid as part of their Bid for the Assets. Buyer shall be entitled to a credit in the amount of the Expense Reimbursement in addition to any secured claims that Buyer may hold and be entitled to credit bid pursuant to Section 363(k) of the Bankruptcy Code and to be credited towards Buyer's Purchase Price.

f. Deposits made by Qualified Bidders (other than the Winning Bidder and the Second Registered Bidder, if any) shall be returned to such Qualified Bidders

5

not later than five (5) business days following the determination of the Winning Bid. The Deposit made by the Winning Bidder, if any, shall be credited against the purchase price paid by the Winning Bidder or, if the Winning Bidder materially breaches the terms of its winning bid, retained by the Debtor. The deposit by the Second Registered Bidder (if any), shall be returned upon the earlier of : (i) closing of the transaction contemplated by the Winning Bid; or (ii) July 1, 2016

g. The proposed expense reimbursement to the Buyer is hereby approved. If the Buyer attends the Sale Hearing, waives all contingencies and further due diligence, and bids and is not the Winning Bidder, the Debtor is hereby authorized to pay the amount of $40,000 to the Buyer at closing from the cash proceeds of the sale to the Winning Bidder, if any.

6. A hearing (the "Sale Hearing") shall be held before the Honorable _____ on _____ \_\_\_\_, 2016 at _____ \_.m. prevailing Eastern Time at the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Courtroom \_\_, Philadelphia, Pennsylvania 19107. During the Sale Hearing, the Court shall confirm that the Winning Bidder has submitted the highest and best bid for the Assets and shall consider approval of the proposed sale to the Winning Bidder. Objections to the selection of the Winning Bidder and approval of the sale to the Winning Bidder must be filed with the clerk of the Court for the Eastern District of Pennsylvania (via CM/ECF) on or before _____ p.m. eastern time on _____, 2016.

7. The offer made by the Buyer is hereby deemed a Qualified Bid and nothing shall prevent the Buyer from making additional bids for the Assets at the Sale Hearing.

8. Within three (3) business days after entry of this Order, the Debtor shall publish notice of the proposed sale of the Assets (the "Notice") and the time and place of the proposed Auction in such publications as the Debtor determines will promote the marketing and sale of the Assets. The Debtor will also provide a copy of the Notice to its creditor Matrix. The Notice shall include a description of the Assets and shall advise Prospective Bidders to contact a named representative of the Debtor for additional information regarding the sale.

9. Within three (3) business days after entry of this Order, the Debtor shall serve a copy of the Notice and this Order on (i) the Office of the United States Trustee; (ii) counsel to the Debtor's secured creditors; (iii) counsel for any interested party; and (iv) those parties that request notice of all pleadings pursuant to Federal Rule of Bankruptcy Procedure 2002; as well as (v) any known Prospective Bidders at the Auction, including but not limited to, those parties that have previously communicated with the Debtor regarding purchase of the Assets, those parties that have previously signed confidentiality agreements during the process by which the Debtor has previously marketed the Assets for sale, and any other known parties that the Debtor believes may have any interest in bidding at the Auction. These parties shall be served with a copy of the Notice via overnight delivery, e-mail, or facsimile, as appropriate.

10. Within three (3) business days after entry of this Order, the Debtor shall serve a copy of the Notice and this Order by first class mail on all known creditors of the Debtor.

11. Within three (3) business days after the entry of this Order, Debtor shall serve notice of assumption and assignment of any executory contracts on any contract counter party. Any notice of cure amount or objection by such counter party must be filed by

_____.

7

11. The Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Bid Procedures and this Order. To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

BY THE COURT:

_____
Honorable Ashely M. Chan
United States Bankruptcy Judge